UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS YU,<br><br>       Plaintiff,<br>v.<br>TRISTAN PARMLEY,<br><br>       Defendant. | Case No. 2:21-cv-01568-ART-DJA<br><br>ORDER DENYING MOTION TO DISMISS (ECF NO. 42) |

This case involves claims by *pro se* Plaintiff Dennis Yu against Defendant Tristan Parmley related to events that occurred while Yu and Parmley were in business together. Parmley brings counter-claims against Yu on behalf of himself and the now-defunct Nevada corporation ChiroRevenue in his amended third-party complaint. (ECF No. 34.) Yu previously filed a motion to dismiss Parmley's initial third-party complaint, which the Court granted in part with leave to amend. (ECF No. 30.) Parmley filed an amended third-party complaint (ECF No. 34), which Yu now moves to dismiss (ECF No. 42).

**I. DISCUSSION**

Because the parties are familiar with the facts alleged in the complaint and third-party complaint, the Court discusses facts as relevant to each issue.

In his motion to dismiss, Yu first argues that there is a conflict of interest which prevents the Schwab Law Firm ("SLF") from representing both Parmley and ChiroRevenue. (ECF No. 42 at 5-9.) He also argues that three of Parmley's counter-claims—conversion, fraud, and defamation—should be dismissed for failure to state a claim. (*Id.* at 9-14.)

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is

1  entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S.
2  544, 555 (2007). While Rule 8 does not require detailed factual allegations, it
3  demands more than "labels and conclusions" or a "formulaic recitation of the
4  elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing
5  *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the
6  speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to
7  dismiss, a complaint must contain sufficient factual matter to "state a claim to
8  relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550
9  U.S. at 570). Under this standard, a district court must accept as true all well-
10 pleaded factual allegations in the complaint and determine whether those factual
11 allegations state a plausible claim for relief. *Id.* at 678-79.

**A. Schwab Law Firm can represent Parmley and ChiroRevenue.**

Yu argues that there is a conflict of interest which prevents Schwab Law Firm ("SLF") from representing both Parmley and ChiroRevenue. (ECF No. 42 at 5-9.) Yu argues that Lurie & Ferri, LLP, the law firm that represented ChiroRevenue for purposes of setting up the company, is the only law firm that has been authorized to represent ChiroRevenue as an entity. (*Id.* at 7-9.) In response, Parmley states that no case law or ethics rule prohibits SLF from representing both Parmley and ChiroRevenue. (ECF No. 47 at 3-6.)

Parmley has adequately alleged that he is—or was at the time the corporation dissolved—the President and sole remaining officer of ChiroRevenue. (ECF No. 34 at 4, 17, 26, 33, 38.) Parmley has also adequately alleged that Yu was lawfully removed from ChiroRevenue. (ECF Nos. 34 at 26; 47-2 at 2-5.) The caselaw that Yu relies on involve class action cases which discuss the responsibility of class counsel to absent members, and therefore is not applicable to the facts of this case. (ECF No. 42 at 6 (citing *Kayes v. Pacific Lumber Co.*, 51 F.3d 1449, 1465 (9th Cir. 1995) and *Sullivan v. Chase Inv. Servs. of Bos., Inc.*, 79 F.R.D. 246 (N.D. Cal. 1978).) Finally, the fact that Lurie & Ferri, LLP previously

represented ChiroRevenue does not prevent SLF from representing ChiroRevenue and Parmley in this action.

### B. Parmley has adequately pled a claim of conversion.

Yu next argues that Parmley fails to state a claim for conversion because Parmley alleges harm to others rather than harm to Parmley. (ECF No. 42 at 10.)

"Conversion is a distinct act of dominion wrongfully exerted over personal property in denial of, or inconsistent with, title or rights therein or in derogation, exclusion or defiance of such rights." *Edwards v. Emperor's Garden Rest.*, 130 P.3d 1280, 1287 (Nev. 2006); (citing *Wantz v. Redfield*, 326 P.2d 413, 414 (Nev. 1958)). "Conversion is an act of general intent, which does not require wrongful intent and is not excused by care, good faith, or lack of knowledge." *Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043, 1048 (Nev. 2000).

Parmley alleges that Yu took client lists, client contact information, electronic data, confidential business materials and other data from Parmley. (ECF No. 34 at 33.) These allegations are sufficient to state a claim for conversion.

### C. Parmley has adequately pled a claim of fraud.

Yu argues that Parmley fails to state a claim for fraud because Parmley alleges harm to others rather than harm to Parmley. (ECF No. 42 at 10.) Yu also argues that this claim fails under Rule 9(b) for lack of particularity. (*Id.* at 10-12.)

The elements of fraud in Nevada are: "[a] false representation made by the defendant; [d]efendant's knowledge or belief that the representation is false (or insufficient basis for making the representation); [d]efendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; [p]laintiff's justifiable reliance upon the misrepresentation; and [d]amage to the plaintiff resulting from such reliance. *Bulbman, Inc. v. Nevada Bell*, 825 P.2d 588, 592 (1992). Under Rule 9(b), "when averments of fraud are made, the circumstances constituting the alleged fraud [must] be specific enough to give defendants notice of the particular misconduct … so that

they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation and citation omitted). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.*

Parmley alleges that Yu made false representations relating to packages for chiropractic clients and false representations about the state of BlitzMetrics business and ChiroRevenue business debts, assets, employees, and financial condition. (ECF No. 34 at 34-36.) Parmley alleges that these representations were made with the intent to get Parmley and ChiroRevenue to enter into and continue a business relationship with Yu, and that Parmley and ChiroRevenue justifiably relied on these representations when they did enter into business with Yu. (*Id.*) Parmley alleges the who (Yu), what (representations about packages), where (a meeting in San Diego), when (September 2020), and how (through gifts and conversations) of the alleged misconduct. (ECF No. 34 at 3, 17, 34-36.) These allegations are sufficient to state a claim and meet the Rule 9(b) pleading standard.

**D. Parmley has adequately pled a claim of defamation.**

Yu argues that Parmley fails to state a claim for defamation because the allegedly defamatory statements are not false, and instead are merely factual allegations supported with screenshots as evidence. (ECF No. 42 at 12-13.)

To state a claim for defamation, a plaintiff must allege "(1) a false and defamatory statement ...; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Clark Cnty. Sch. Dist. v. Virtual Educ. Software, Inc.*, 213 P.3d 496, 503 (Nev. 2009) (citation omitted). "[I]f the defamatory communication imputes a 'person's lack of fitness for trade, business, or profession,' or tends to injure the plaintiff in his or her business, it is deemed defamation per se and damages are

presumed." *Id.*

Parmley alleges that Yu made false statements about Parmley being a rogue employee who attempted to steal money and hacked the money, sent these statements to third parties via email, and did so at least negligently. (ECF No. 34 at 32-33.) Because these statements tend to injure Parmley in his business, damages may be presumed. These allegations are sufficient to state a claim for defamation.

### E. Standing

Finally, Yu states that Parmley's claims for interference with contractual relations, interference with prospective economic advantage, and business disparagement should fail for lack of standing. (ECF No. 42 at 13-14.) However, he does not point to any specific deficiencies in these claims. As such, the Court declines to dismiss the complaint for lack of standing.

## II. CONCLUSION

It is therefore ordered that Plaintiff's Motion to Dismiss (ECF No. 42) is DENIED.

It is further ordered that Defendant's motion to extend time (ECF No. 44) is DENIED AS MOOT.

DATED THIS 22nd day of November 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE