UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DENNIS YU, an individual | Case No. 2:21-cv-01568-ART-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| TRISTAN PARMLEY, an individual | |
| Defendant. | |
| TRISTAN PARMLEY, an individual; CHIROREVENUE, a Nevada Corporation, | |
| Third-Party Plaintiffs, | |
| v. | |
| DENNIS YU, an individual; DOES I through X and ROE CORPORATIONS I, | |

## I.    Introduction and Background

Pending before the Court is Plaintiff Dennis Yu's Motion to Enforce the Court's Discovery Orders and to Compel Production of ESI in Native Electronic Format. ECF No. 84. The Court reviewed the Motion, Defendant's Response (ECF No. 91), and Plaintiff's Reply (ECF No. 92). Plaintiff's Motion clearly states what outcome he seeks:

> Plaintiff seeks usable compliance: an order requiring Defendant to reproduce all responsive ESI in native electronic format (or at minimum in an electronically searchable, reasonably usable form) and to deliver it via secure download link or on encrypted media (USB/external drive), consistent with Rule 34 and the Court's prior order.

ECF No. 84 at 2. Plaintiff contends the Court's May 8, 2025 Order stating Defendant was to produce documents responsive to Plaintiff's Request for Production ("RFPs") in compliance "with the rules applicable to the same" (ECF No. 76) translates into the requirement that Defendant produce all ESI in native format. ECF No. 84 at 2. The Court disagrees with Plaintiff's interpretation of its Order. Nonetheless, Plaintiff further correctly contends that his RFPs sought production of ESI in "native

1

electronic format." *Id*.; ECF No. 74 at 11. Plaintiff cites a District of Kansas case for the proposition that converting emails and attachments into PDFs or paper format is improper and a reproduction in native format may be compelled. *Id*. at 4.

After offering hyperbole and irrelevant arguments, Defendant points out that Plaintiff's RFPs were never properly served. That is, Defendant has no record of receiving Plaintiff's discovery requests by mail or hand delivery (ECF No. 91 at 4) and service of documents by electronic means was not agreed to by the parties in writing (as required under Fed. R. Civ. P. 5(b)(2)(E)). *Id*. Defendant appears to mistakenly believe Plaintiff did not request production in native format, but, nonetheless contends he objected "to the requests and indicated that the documents would be produced in paper form …." ECF No. 91 at 9. Ultimately, there is no dispute that Defendant's responses to Plaintiff's document request was in paper format. ECF No 84 at 2.

Defendant submits he otherwise complied with the Court's September 12, 2025 Order when he re-mailed responses to the improperly served RFPs identifying by Bates numbered documents responsive to each request. ECF No. 91 at 5, 8. Defendant further identifies documents that it does not have in native format as these documents are screenshots of third party website information. *Id*. at 8-9. Defendant contends Plaintiff did not meet and confer regarding native format production and did not object to the paper production when Rule 26 disclosures were initially provided. *Id*. at 10. Plaintiff's Reply largely reiterates the arguments in his Motion.

**II.    Discussion**

Rule 34(b)(1)(c) of the Federal Rules of Civil Procedure authorizes a party propounding discovery to specify the form in which electronically stored information ("ESI") is to be produced. Here, a review of Plaintiff's RFPs demonstrates that he sought production of ESI stating: "Documents in electronic form are to be produced in native format." ECF No. 74 at 11. Defendant says he objected and produced documents in paper format. ECF No. 91 at 9.[1] In *City of Colton v. Am. Promotional Events, Inc.*, 277 F.R.D. 578 (C.D. Cal. 2011), the court found it is "common sense" that ESI must be "organized in such a way as to facilitate, not hinder, the usefulness of the

---

[1]    The Court notes neither party provided a copy of Defendant's responses to Plaintiff's RFPs and the Court has not located this document on the docket.

information produced." *Id*. at 584.  The Advisory Committee notes to the 2006 amendments to  Rule 34 states that the producing party's "option to produce in a reasonably usable form does not mean that a responding party is free to convert electronically stored information from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation."  Fed. R. Civ. P. 34(b) Advisory Committee's Notes (2006 Amendment).  That Defendant may have missed Plaintiff's instruction to produce ESI in its native format as stated in the never properly served RFPs does not excuse the failure to do so; however, Plaintiff's failure to properly serve his RFPs does provide a gloss to Plaintiff's insistence that he has no responsibility for the current situation.  So too does Plaintiff's failure to understand the distinction between interrogatories and document requests.

An interrogatory is a written question that typically "ask[s] an opposing party to state the facts, evidence, or legal theories upon which it bases" its claims, defenses, or assertions of contentions raised.  *See McCaugherty v. Siffermann*, 132 F.R.D. 234, 249 (N.D. Cal. 1990).[2]  Here, eleven of Plaintiff's 94 RFPs—itself a large (if not excessive) number—ask Defendant to identify facts and information and, thus, are not RFPs interrogatories that could have been propounded but were not.[3]  Objections declining responses to these RFPs would have been proper.

With respect to the remaining 83 RFPs propounded by Plaintiff, 35 are grossly overbroad on their face.[4]  *DeFreitas v. Tillinghast*, Case No. 2:12-CV-00235-JLR, 2013 WL 209277, at *3 (W.D.

---

[2]  By way of example, an interrogatory may ask a party to state all facts that support various contentions made by that party and identify all persons who have knowledge of those facts, while requests for production will seek to have the documents supporting the facts produced.

[3]  *See* ECF No. 74 at 18-20 reflecting RFPs Nos. 67 (Identify any individual that you shared Dennis Yu's financial information with); 68 (Identify any individual with whom you shared screenshots containing Dennis Yu's financial information); 69 (Identify any individual with whom you shared any of Dennis Yu's information); 70 (Identify any individual with whom you shared any images containing Dennis Yu' Chase Business credit card account balance); 71 (Identify any individual with whom you shared any image or document containing Dennis Yu' financial information); 77 (Identify all email addresses that you have communicated with concerning Dennis Yu); 78 (Identify all email addresses that you have communicated with concerning Dennis Yu's financial information); 79 (Identify all email addresses that you have communicated with concerning ChiroRevenue); 80 (Identify all email addresses that you have communicated with concerning Lead Cure); 91 (Identify videos and other media that you have created using audio video equipment that you took from the studio you shared with Dennis Yu); and 92 (Identify all of the audio video equipment in your possession that was previously located at the studio shared between you and Dennis Yu).

[4]  *See* RFPs Nos. 1 (All written statement(s) of Parmley, made to any entity or file involving Plaintiff); 13 (All of your social media publications concerning ChiroRevenue); 14 (All of your social media publications concerning Lead Cure); 15 (All of your social media publications concerning marketing); 16 (All of your social media publications concerning Dennis Yu); 17 (All of your social media publications concerning Shawn Dill); 19 (All of your communications with Shawn Dill); 25 (All videos in your possession concerning any marketing system); 35 (Any

Wash. Jan. 17, 2013) (finding requests were "not reasonably targeted or specific, ... overbroad on their face[,] and that [Defendant's] burden of producing many years' worth of all communications ... outweighs the likely benefits to [Plaintiff], and the great cost required to produce all such communications will harm [Defendant]").  And, "[w]hen a request is overly broad on its face, the party seeking the discovery has the burden to show the relevancy of the request."  *Cutera, Inc. v. Lutronic Aesthetics*, Case No. 2:20-CV-0235 KJM DB, 2022 WL 1444314, at *1 (E.D. Cal. May 6, 2022) (quoting *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 542 (D. Kan. 2006)).  Neither Plaintiff's Motion to Compel, nor his Reply, provide support for the 35 grossly over broad document requests identified in footnote 4 above.

Nonetheless, Defendant states it has produced "in excess of … 688 … documents" many of which "were produced in their normal manner (e.g. screenshots)."  ECF No. 91 at 3, 10.  Neither this statement, nor any information provided by Plaintiff, provides clarity regarding what or how many documents were produced in paper format that were originally maintained in an electronic format.

District courts have broad discretion in controlling discovery.  *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).  When considering a motion to compel, the Court has broad discretion when determining relevancy and proportionality for discovery purposes.  *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005) (citing *Hallet*, 296 F.3d at 751).  In resolving discovery disputes, the court may exercise its discretion when "determining the relevance

consulting recordings); 37 (All relevant electronically stored information); 39 (Communications made by you concerning Dennis Yu); 41(Communications concerning the audio video equipment at the studio you and Dennis Yu shared); 45 (Financial records concerning your position at Lead Cure); 46 (Financial records concerning your position at ChiroRevenue); 47 (Financial records concerning ChiroRevenue clients); 48 (Financial records concerning Lead Cure clients); 50 (Any communications concerning your changes to ChiroRevenue files or assets including file name and asset names); 51 (All financial transactions including ACH payments concerning the 51 active clients that ChiroRevenue had ); 55 (All emails concerning Dennis Yu); 56 (All emails concerning ChiroRevenue); 59 (All emails concerning your actions as alleged in the Complaint); 60 (All documents concerning Plaintiff's allegations in his Complaint); 61 (All communications concerning Plaintiff's allegations in his Complaint); 62 (All relevant communications); 63 (All relevant documents); 64 (All screenshots of Dennis Yu's personal emails); 72 (All communications containing screenshots of with Dennis Yu); 74 (All communications containing any statement you made about Dennis Yu's finances). 75 (All communications concerning Dennis Yu in any way); 76 (All electronically stored information containing Dennis Yu's financial information); 77 (Identify all email addresses that you have communicated with concerning Dennis Yu); 81 (Documents concerning your access to any of Dennis Yu's email accounts); 82 (Communications concerning your access to any of Dennis Yu's email accounts); 84 (Communications regarding the content of Dennis Yu's email account or accounts); and 94 (All of your communications with ChiroRevenue clients).

of discovery requests, assessing oppressiveness, and weighing … [those] factors in deciding whether discovery should be compelled." *Unilin Beheer B.V. v. NSL Trading Corp*, Case No. CV 14-2210-BRO (SSx), 2015 WL 12698382, at \*4 (C.D. Cal. Feb. 27, 2015) (citing *Favale v. Roman Catholic Diocese of Bridgeport*, 235 F.R.D. 553, 558 (D. Conn. 2006) (internal quotation marks omitted)).

The Court has considered all of the facts and law applicable to the instant Motion. The Court finds Plaintiff, as the moving party, has not carried his burden to compel production of documents responsive to the 46 RFPs identified in notes 3 and 4 in native format. Eleven of these RFPs should have ben propounded as interrogatories as they do not seek the production of documents and things. *See* n.3. Thirty-five of the RFPs are so grossly overbroad to call into question the relevance of the information sought. *See* n.4. With respect to documents that may have been produced in response to the remaining 38 RFPs, Defendant must review these to determine which, if any, were converted from an electronic format into a paper format. Defendant must then reproduce those paper formatted documents in their native format to the extent reasonably practicable. Defendant must include the original Bates number on the reproduced document adding an "N" to the end of the number signifying the production in native form. Defendant is provided through and including June 12, 2026 for this production. If Defendant finds the number of documents to be reproduced is substantial (greater than one-third of the total number of documents previously produced), Defendant may, at its choosing, seek the assistance of a third party to assist with the production and contact the Court through a Notice of Extension Needed explaining why additional time is required to provide the production to Plaintiff. Plaintiff's Motion to Enforce and Compel is otherwise denied.

**III.    Order**

IT IS HEREBY ORDERED that Plaintiff Dennis Yu's Motion to Enforce the Court's Discovery Orders and to Compel Production of ESI in Native Electronic Format (ECF No. 84) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Defendant must review its prior production of documents as they relate to the 38 requests for production propounded by Plaintiff that do not appear in footnotes 3 and 4. Defendant is to re-produce documents responsive to those 38 RFPs to the extent such documents were originally maintained in an electronic format and converted to paper format when

produced.  Each reproduced document is to bear the same Bates number as originally assigned adding an "N" after the last number.

IT IS FURTHER ORDERED that Defendant has through and including **June 12, 2026** to serve Plaintiff with the reproduced documents in their native format.

IT IS FURTHER ORDERED that if Defendant finds it cannot meet the June 12, 2026 deadline because the number of documents to be re-produced exceeds one-third of the total number of documents produced, Defendant may contact the Court through a Notice of Extension to request an extension of time to make its production.

IT IS FURTHER ORDERED that except as stated in this Order, discovery was and remains closed.  No discovery of any kind may be conducted by the parties except as expressly stated in this Order.

IT IS FURTHER ORDERED that the Court will not entertain a request to reopen discovery for any other purpose whatsoever.

IT IS FURTHER ORDERED that the due date for dispositive motions lapsed in July 2025.

IT IS FURTHER ORDERED that the proposed joint pretrial order is due on or before **July 31, 2026**.

Dated this 6th day of May 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE