UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DENNIS YU, an individual<br><br>Plaintiff,<br><br>v.<br><br>TRISTAN PARMLEY, an individual<br><br>Defendant. | Case No. 2:21-cv-01568-ART-EJY<br><br>**ORDER** |
| TRISTAN PARMLEY, an individual; CHIROREVENUE, a Nevada Corporation,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>DENNIS YU, an individual; DOES I through X and ROE CORPORATIONS I, | |

Before the Court is Plaintiff's Motion for Order to Show Cause; Alternatively, for Sanctions Under Fed. R. Civ. P. 37(b)(2). ECF No. 95. Plaintiff contends Defendant failed to comply with the Court's Order requiring reproduction of documents as stated in ECF No. 94. *Id.* Defendant responds that on June 12, 2026, he mailed Plaintiff a thumb drive containing all documents in the format required by the Order of the Court. ECF No. 100. Defendant further states the mail was sent to the address on file with the Court. *Id.* Defendant contends Plaintiff "was informed" that the documents were available at Defendant's reception desk, but that Plaintiff has not picked up the drive at any time since June 16, 2026. *Id.* In Reply, Plaintiff says "[n]o one asked him to retrieve a drive" from Defendant's reception desk. ECF No. 101. Plaintiff also says making the drive available at Defendant's reception desk is not compliant with the Court's Order. *Id.*

In sum, it is most unfortunate that the instant dispute is before the Court. If Plaintiff did not receive what was mailed to him, he could have emailed or picked up the telephone and cordially communicated with Defendant regarding how to remedy the problem. Likewise, once Defendant learned Plaintiff did not receive what was placed in regular mail, professional courtesy would

portend making arrangements for delivery or pick up to ensure receipt by Plaintiff. The parties are inexplicably engaged in finger pointing instead of problem solving.

Federal Rule of Civil Procedure 37(b) states: “If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.” Here, the Court finds no competent evidence that there was a failure to follow a court order. Defendant provides the Court with a Notice of Compliance (misidentified as a Declaration) stating he mailed Plaintiff the thumb drive on June 12, 2026. ECF No. 96. That Plaintiff did not receive this mail is curious, but nonetheless what is also presented to the Court. Nonetheless, given Defendant’s apparent compliance and lack of actual evidence to the contrary, Rule 37(b)(2) sanctions are not appropriate. Further, given this compliance, there is no basis for an Order to Show Cause.

The above said, it appears the Court must resolve the problem of non-delivery by entering an order.

IT IS HEREBY ORDERED that Plaintiff’s Motion for Order to Show Cause; Alternatively, for Sanctions Under Fed. R. Civ. P. 37(b)(2) (ECF No. 95) is DENIED.

IT IS FURTHER ORDERED that Plaintiff and Defendant **must** speak by telephone or videoconference, no later than **August 25, 2026**, to select a day (a Monday through Friday) and time (no earlier than 9 a.m. and no later than 4 p.m.) for hand delivery of the thumb drive to an address provided by Plaintiff during the communication. The telephone or videoconference communication must be witnessed by one additional person from Defendant’s counsel’s office and one person chosen by Plaintiff—the identities of the witnesses to be disclosed at the beginning of the communication. Plaintiff **must** be at the location chosen for delivery and **must** sign receipt for the delivery. Defendant to bear the cost of the one time delivery.

IT IS FURTHER ORDERED that during the above required telephone call or videoconference, and to avoid future delays, motion practice, and costs, the parties must also discuss whether they can agree to electronic delivery of documents, which agreement can be confirmed through an email exchange. If agreement cannot be or is not reached, Plaintiff must confirm his

proper mailing address and Defendant may choose to send all future communications by certified mail, return receipt requested, to avoid claims of non-delivery. Plaintiff will have to retrieve this mail from the post office or otherwise demonstrate certified mail was not properly delivered.

IT IS FURTHER ORDERED that if either party files a notice of a failure to comply with the required call or videoconference, the parties will be ordered to appear in person before the Court to explain their inability to communicate successfully. The Court sincerely hopes that will not be necessary.

Dated this 17th day of August, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE